UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X
MITCHELL HENDERSON,
              Plaintiff,

      v.

THE CITY OF NEW YORK,                     **COMPLAINT**
NEW YORK CITY POLICE OFFICER
JABBAR BRIDE, Shield # 7984,
NEW YORK CITY POLICE DETECTIVE
MARCOS VAZQUEZ, Tax # ****841,
Narcotics Borough Manhattan North,
NEW YORK CITY POLICE DETECTIVE
MATTHEW FORTE, Shield # 19,
Narcotics Borough Manhattan North,
NEW YORK CITY POLICE DEPARTMENT
UNDERCOVER OFFICER # 273
Narcotics Borough Manhattan North,
              Defendants.
--------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, MITCHELL HENDERSON, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

**VENUE**

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

**PARTIES**

7. The Plaintiff, MITCHELL HENDERSON, is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER JABBAR BRIDE, Shield Number 7984, NEW YORK CITY POLICE DETECTIVE MARCOS VAZQUEZ, Tax # ****41, NEW YORK CITY POLICE DETECTIVE MATTHEW FORTE, Shield # 19, and NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 273, upon information and belief of the NARCOTICS BOROUGH MANHATTAN NORTH COMMAND, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER BRIDE, NEW YORK CITY POLICE DETECTIVES VAZQUEZ and FORTE and NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 273 are sued individually and in their official capacity. At all times relevant, Defendants NEW YORK CITY POLICE OFFICER JABBAR, DETECTIVES VAZQUEZ and FORTE and UNDERCOVER OFFICER NUMBER 273 were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.

2

Defendants, NEW YORK CITY POLICE OFFICER JABBAR, DETECTIVES VAZQUEZ and FORTE and NEW YORK CITY POLICE OFFICER UNDERCOVER NUMBER 273, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

**STATEMENT OF FACTS**

**First Incident**

11. On March 30, 2015 at approximately 1:15 p.m. the Plaintiff was standing with an individual named Eric near 1290 Madison Avenue in New York County.  An individual approached the Plaintiff and asked the Plaintiff to buy a pair of sneakers for $90.00.  The Plaintiff declined, after which the individual asked the Plaintiff if Plaintiff knew of a place where he could sell the aforementioned sneakers.  The Plaintiff told this individual that he might be able to sell the

3

sneakers at a store around the corner.  The individual then started to walk away.  As the individual walked away he asked the Plaintiff if either of them knew where he could get some "hard", to which the Plaintiff stated "no".  The Plaintiff then heard Eric tell the individual "yeah, what do you want?"  The Plaintiff then observed Eric hand the individual a bag in exchange for money, then observed the individual walk away.  The Plaintiff then told Eric that he was going to the store, whereupon Eric stated that he had to go to the store as well, whereupon the Plaintiff and Eric began walking to the store, proceeding to go down Madison Avenue toward a store located at the corner of 128th Street and Madison Avenue.  As the Plaintiff was opening the door to enter the store he heard named Defendants, NEW YORK CITY POLICE OFFICER JABBAR BRIDE, Shield Number 7984 and NEW YORK CITY POLICE DETECTIVE MARCOS VAZQUEZ stated to the Plaintiff in sum and substance: "stop right there, put your hands up".  The Plaintiff immediately complied and asked Defendant OFFICER JABBAR in some and substance: "For what, I didn't do anything".   Defendant OFFICER JABBAR BRIDE, then handcuffed the Plaintiff.  The Plaintiff was then placed in a a police vehicle and driven around New York County for approximately two hours, during which time Eric, repeatedly told Defendant Officers BRIDE and VAZQUEZ that Plaintiff had "nothing to do with it", which statements were ignored and not acted upon by the named Defendant Officers.  The Plaintiff was subsequently taken to a local precinct, where he was strip searched by Defendants, NEW YORK CITY POLICE OFFICERS JABBAR BRIDE and Defendant NEW YORK CITY POLICE DETECTIVE MARCOS VAZQUEZ.   After approximately five hours at the precinct the Plaintiff was eventually transported to Central Booking where he remained in the custody of named Defendant NEW YORK CITY POLICE OFFICERS BRIDE and VAZQUEZ and THE NEW YORK CITY POLICE DEPARTMENT for another thirty six hours before being released from custody.  The Plaintiff was required to make several Court appearances to defend himself against the false charges alleged by named Defendant, NEW YORK CITY POLICE OFFICER JABBAR BRIDE in a Criminal Court

4

Felony Complaint before the criminal case against him was dismissed on the motion of the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE on June 9, 2015.

### Second Incident

12. On December 16, 2015 at approximately 4:00 p.m. the Plaintiff was walking down 145th Street heading toward a McDonald's restaurant when he was approached by an individual described as an older bearded man of Hispanic or Caucasian descent, near the subway at 145th Street. This individual proceeded to speak with the Plaintiff as Plaintiff proceeded to walk toward the aforementioned McDonald's restaurant.  As the Plaintiff and his new-found companion neared the restaurant a male and female approached and said hello to the aforementioned person with the Plaintiff.  This person then asked the Plaintiff if he would "help my two friends out", whereupon the female of the couple (named Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 273) stated to the Plaintiff that they had been trying "to get hard all day and they were getting beat".  The Plaintiff informed the couple that he would "help them out".  The couple and the Plaintiff proceeded to walk toward 144th Street, where the Plaintiff observed an acquaintance.  Named Defendant, NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 273 proceeded to give the Plaintiff $30.00, which the Plaintiff then took to his acquaintance, who in turn gave the Plaintiff an item which the Plaintiff then gave to named Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 273.  The couple then proceeded to walk back down 144th Street toward Broadway, with the Plaintiff a short distance behind them.  As the Plaintiff walked a black Impala automobile, coming up 144th Street, proceeded to pass the Plaintiff.  The Plaintiff then heard feet running up behind him.  The Plaintiff turned around and instinctively threw out his left hand toward an individual, dressed in plain clothes, who violently tackled and knocked to the ground causing injury to the Plaintiff.  Only when the Plaintiff and this individual (named Defendant NEW YORK CITY POLICE DETECTIVE MATTHEW FORTE) were on the ground, did Defendant DETECTIVE FORTE identify himself by saying to Plaintiff "police, stay on the ground".

5

Defendant DETECTIVE FORTE then handcuffed the Plaintiff with his hands behind his back. The Plaintiff was subsequently placed in a police vehicle and driven around for approximately two hours.  Plaintiff was eventually transported to a local precinct where he was subjected to a partial strip search by Defendant DETECTIVE FORTE.  The Plaintiff was subsequently arraigned upon a Criminal Court Felony complaint based upon allegations sworn to by Defendant FORTE based upon information provided by named Defendant, NEW YORK CITY UNDERCOVER POLICE OFFICER # 273, accusing the Plaintiff of violating New York Penal Law section 220.39.  As a result of the severity of the charged alleged by Defendant FORTE and NEW YORK UNDERCOVER POLICE OFFICER # 273, a bail request was made by THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE resulting in bail being set upon the Plaintiff.  The Plaintiff remained incarcerated until December 22, 2015, when the aforementioned criminal case against the Plaintiff was dismissed by a Grand Jury of New York County.

## FIRST FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search, False Arrest

13. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

14. Upon information and belief, on March 30, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER JABBAR BRIDE and Defendant NEW YORK CITY POLICE DETECTIVE MARCOS VAZQUEZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching, detaining and arresting the Plaintiff without lawful reason or cause.

15. That the actions of Defendant NEW YORK CITY POLICE OFFICER BRIDE and Defendant NEW YORK CITY POLICE DETECIVE MARCOS VAZQUEZ occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while

acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution

16.  The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, between March 30, 2015 and June 9, 2015 the conduct of Defendants NEW YORK CITY POLICE OFFICER JABBAR BRIDE and NEW YORK CITY POLICE DETECTIVE MARCOS VAZQUEZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and maliciously failing to inform members of THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE that the Plaintiff was not involved in the allegations contained in the Criminal Court Felony Complaint, resulting in and causing the arrest and prosecution of Plaintiff for no lawful reason or cause.

18. That the actions of Defendant NEW YORK CITY POLICE OFFICER JABBAR BRIDE and Defendant NEW YORK CITY POLICE DETECTIVE MARCOS VAZQUEZ occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest

7

19. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Upon information and belief, on December 16, 2015, the conduct of named Defendants, NEW YORK CITY POLICE DETECTIVE MATTHEW FORTE and Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER # 273, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching, detaining and arresting the Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

21. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE MATTHEW FORTE and Defendant NEW YORK CITY UNDERCOVER OFFICER NUMBER 273 occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

### Violation of Rights Secured by the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force

22. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Three (23) ix as if fully set forth herein.

23. That on December 16, 2015, the Defendant NEW YORK CITY POLICE DETECTIVE MATTHEW FORTE unlawfully utilized excessive force upon the Plaintiff without lawful reason or cause

24. That the actions of Defendant, NEW YORK CITY POLICE DETECTIVE MATTHEW FORTE occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an employee and agent of THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICER JABBAR BRIDE, NEW YORK CITY POLICE DETECTIVE MARCOS VAZQUEZ, NEW YORK CITY POLLICE DETECTIVE MATTHEW FORTE and Defendant NEW YORK CITY UNDERCOVER POLICE OFFICER NUMBER 273.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: March 26, 2018
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 1100
New York, NY 10007

**Via ECF**

(212) 227-7373